THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST VAN BERGEN, Relator, v. LEONARD R. WELLES, as Commissioner of Police and Excise of the City of Brooklyn, Respondent.

*Discharge of a patrolman — larceny — there must be a criminal intent.*

The relator, a policeman in the city of Brooklyn, was dismissed from his position after a trial before the respondent, upon the charge of larceny. Upon the trial it appeared that the relator went to the store of one S. V. Coles, and took some eggs. It further appeared that permission had been given to the relator, by a clerk in the employ of Coles, to enter the store at any time and help himself to such articles as he wanted.

*Held*, that upon such a state of facts the criminal intent necessary to the conviction of the relator of the crime of larceny was entirely wanting, and that it was immaterial whether the clerk who gave him permission to take the articles had authority to do so or not.

CERTIORARI issued out of the Supreme Court, and attested on the 17th day of January, 1895, directed to Leonard R. Welles, commissioner of police and excise of the city of Brooklyn, directing him to certify and return to the office of the clerk of the county of Kings all the proceedings had and taken before him concerning the dismissal, discharge and removal from office of Ernest Van Bergen, a policeman duly appointed, and holding office as a policeman in the city of Brooklyn.

*James C. Church*, for the relator.

*Jacob Brenner*, for the respondent.

DYKMAN, J.:

This is a proceeding by certiorari to review the action of the defendant as commissioner of police and excise of the city of Brooklyn, in removing the defendant from his position on the police force.

The relator was a patrolman in the city of Brooklyn and was dismissed from that position, after a trial by the respondent, upon the charge of larceny. The specification of the charge was, that on the 17th day of June, 1894, the relator violated a rule of the police department by leaving his post and entering a milk and butter store and stealing eggs from a box.

Upon the trial it appeared that the relator went to the store of S. V. Coles and took some eggs. It appeared further upon the trial, without contradiction, that permission had been given to the relator by an employee of Coles to enter the store at any time and help himself to such articles as he wanted, and when the witness was asked if he specified eggs as an article which the relator could take, he answered that he told the relator to take anything that he wanted. The relator acted upon that permission, which seems to have been given to other policemen besides himself, and took the eggs in question for the purpose of having them boiled to eat himself.

Under this state of facts it is entirely plain that the criminal intent necessary to the conviction of the relator of the crime of larceny is entirely wanting. The clerk gave him permission to take the articles which he took, and it is immaterial whether the clerk had authority to do so or not. The relator took the eggs because he supposed he had the right to do so, and he had ample reason for such belief.

The proceedings which resulted in his conviction should, therefore, be reversed, and he should be restored to his position as patrolman.

BROWN, P. J., and PRATT, J., concurred.